UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
GIBSON WINTERS,

        Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER
JEREMY DEMARCO, shield # 1992,
UNDERCOVER DETECTIVE NO. C0063,
SERGEANT KHAMRAJ SINGH, shield # 3798,
DETECTIVE CHERYL WEISS, shield # 3990,
DETECTIVE WILLIAM DEAN, shield # 1023,
DETECTIVE FRANK AVILA, shield # 2962,
DETECTIVE ISAAC SHANNON, shield # 3188,
DETECTIVE DANIEL AYBAR, shield # 963,
UNDERCOVER DETECTIVE NO. C0106,

        Defendants.
_____X

**AMENDED COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

11 CV 2900 (RRM) (RER)

      PLAINTIFF GIBSON WINTERS, by his attorney DAVID A. ZELMAN, ESQ., for his COMPLAINT, alleges upon information and belief, as follows:

I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which PLAINTIFF GIBSON WINTERS (hereinafter "WINTERS") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.  On or about July 16, 2010, at approximately 12:00 a.m., at or near 1702 Union Street, Brooklyn, New York, WINTERS was falsely arrested by Defendants, including, but not limited to, POLICE OFFICER JEREMY DEMARCO, shield # 1992, UNDERCOVER DETECTIVE NO. C0063, SERGEANT KHAMRAJ SINGH, shield # 3798, DETECTIVE CHERYL WEISS, shield # 3990, DETECTIVE

WILLIAM DEAN, shield # 1023, DETECTIVE FRANK AVILA, shield # 2962, DETECTIVE ISAAC SHANNON, shield # 3188, DETECTIVE DANIEL AYBAR, shield # 963, and UNDERCOVER DETECTIVE NO. C0106 (hereinafter collectively "Defendants"). It is alleged that Defendants falsely arrested and maliciously prosecuted WINTERS in violation of his constitutional rights.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. WINTERS at all times relevant hereto resided at 30 Avenue V, Brooklyn, New York 11223.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER JEREMY DEMARCO, shield # 1992 (hereinafter "DEMARCO") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. DEMARCO is sued in his official and individual capacities.

6. Defendant UNDERCOVER DETECTIVE NO. C0063 (hereinafter "C0063") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. C0063 is sued in his official and individual capacities.

7. Defendant SERGEANT KHAMRAJ SINGH, shield # 3798 (hereinafter "SINGH") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. SINGH is sued in his official and individual capacities.

8. Defendant DETECTIVE CHERYL WEISS, shield # 3990 (hereinafter "WEISS") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. WEISS is sued in her official and individual capacities.

9. Defendant DETECTIVE WILLIAM DEAN, shield # 1023 (hereinafter "DEAN") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. DEAN is sued in his official and individual capacities.

10. Defendant DETECTIVE FRANK AVILA, shield # 2962 (hereinafter "AVILA") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. AVILA is sued in his official and individual capacities.

11. Defendant DETECTIVE ISAAC SHANNON, shield # 3188 (hereinafter "SHANNON") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as

agent, servant, and/or employee of Defendant CITY and within the scope of his employment. SHANNON is sued in his official and individual capacities.

12. Defendant DETECTIVE DANIEL AYBAR, shield # 963 (hereinafter "AYBAR") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. AYBAR is sued in his official and individual capacities.

13. Defendant UNDERCOVER DETECTIVE NO. C0106 (hereinafter "C0106") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. C0106 is sued in his official and individual capacities.

14. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

15. On or about July 16, 2010, at approximately 12:00 a.m., WINTERS was sitting on a large metal box situated outside 1702 Union Street, Brooklyn, New York with his girlfriend.

16. Several unmarked police vehicles approached the location where WINTERS was sitting.

17. Approximately four police officers approached and pulled WINTERS off of the box, forced him against it and handcuffed him.

18. Two police officers searched WINTERS.

19. Defendants then transported WINTERS to the 71st precinct.

20. Defendants strip-searched WINTERS at the 71st precinct.

21. WINTERS was eventually transported to Central Booking.

22. WINTERS was charged with P.L. §§ 220.16(1), 220.39(1) and 220.03.

23. Following arraignment, WINTERS was incarcerated at Rikers Island for six days.

24. While WINTERS was incarcerated at Rikers Island, he was assaulted by other inmates.

25. WINTERS was not indicted and was released from Rikers Island on July 22, 2010.

26. All charges were dismissed on or about January 28, 2011.

27. That heretofore and on the 22nd day of February, 2011, WINTERS's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of WINTERS, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

28. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

29. Paragraphs 1 through 28 of this complaint are hereby realleged and incorporated by reference herein.

30. That Defendants had neither valid evidence for the arrest of WINTERS nor legal cause or excuse to seize and detain him.

31. That in detaining WINTERS without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. WINTERS was but one of those persons.

32. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

33. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

34. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of WINTERS's rights alleged herein.

35. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of WINTERS's rights, subjected WINTERS to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

36. By reason of the foregoing, WINTERS suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

37. Paragraphs 1 through 36 are hereby realleged and incorporated by reference herein.

38. That the seizure, detention and imprisonment of WINTERS was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

39. That Defendants intended to confine WINTERS.

40. That WINTERS was conscious of the confinement and did not consent to it.

41. That the confinement was not otherwise privileged.

42. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of WINTERS's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

43. That by reason of the foregoing, WINTERS suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

44. Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45. That Defendants with malicious intent, arrested WINTERS and initiated a criminal proceeding despite the knowledge that WINTERS had committed no crime.

46. That all charges against WINTERS were terminated in his favor.

47. That there was no probable cause for the arrest and criminal proceeding.

48. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of WINTERS's rights, deprived WINTERS of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

49. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, WINTERS was maliciously prosecuted despite the fact that he had committed no violation of the law..

50. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

51. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of WINTERS's rights alleged herein.

53. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

54. That upon information and belief, in 2010, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

55. That by reason of the foregoing, WINTERS suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

56. Paragraphs 1 through 55 are hereby realleged and incorporated by reference herein.

57. That Defendants acted with malicious intent, arrested WINTERS and initiated a criminal proceeding despite the knowledge that WINTERS had committed no crime.

58. That felony charge against WINTERS was terminated in his favor and the several remaining charges are still pending.

59. That there was no probable cause for the arrest and criminal proceeding.

60. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of WINTERS's rights, deprived WINTERS of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

61. That by reason of the foregoing, WINTERS suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to § 1983 (Denial of Fair Trial)

62. Paragraphs 1 through 61 are hereby realleged and incorporated by reference herein.

63. By fabricating evidence, defendants violated WINTERS's constitutional right to a fair trial.

64. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

65. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## X. SIXTH CAUSE OF ACTION
### Pursuant to § 1983 (ILLEGAL STRIP SEARCH)

66. Paragraphs 1 through 65 are hereby realleged and incorporated by reference herein.

67. That Defendants strip searched WINTERS absent a requisite reasonable suspicion that WINTERS was concealing weapons and / or contraband.

68. That Defendants had no legally sufficient cause to strip search WINTERS.

69. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of WINTERS's rights, subjected WINTERS to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

70. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress,

anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### XI. SEVENTH CAUSE OF ACTION
Pursuant to State Law (ILLEGAL STRIP SEARCH)

71. Paragraphs 1 through 70 are hereby realleged and incorporated by reference herein.

72. That Defendants strip searched WINTERS absent a requisite reasonable suspicion that WINTERS was concealing weapons and / or contraband.

73. That Defendants had no legally sufficient cause to strip search WINTERS.

74. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of WINTERS's rights, subjected WINTERS to an illegal strip search violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

75. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### XII. EIGHTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

76. Paragraphs 1 through 75 are hereby realleged and incorporated by reference herein.

77. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

78. That at all times Defendants were acting within the scope of their employment.

79. That Defendant CITY was able to exercise control over Defendants activities.

80. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, WINTERS suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, WINTERS has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, WINTERS respectfully requests that judgment be entered:

1. Awarding WINTERS compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding WINTERS punitive damages in an amount to be determined by a jury;

3. Awarding WINTERS interest from July 16, 2010 and

4. Awarding WINTERS reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
November 30, 2011

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
GIBSON WINTERS,

       Plaintiff,

  -against-                                  Index No.: CV 11-2900
                                                         (RRM) (RER)
THE CITY OF NEW YORK, POLICE OFFICER
JEREMY DEMARCO, shield # 1992,
UNDERCOVER DETECTIVE NO. C0063,
POLICE OFFICERS JANE/JOHN DOE(S),
71st precinct,

              Defendants.
_____X

---

## AMENDED COMPLAINT

---

LAW OFFICE OF DAVID A. ZELMAN
ATTORNEY FOR THE PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
Tel: 718-604-3072
Fax: 718-604-3074