

MICHAEL A. CARDOZO
*Corporation Counsel*

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

SCOTT J. KANTOR
Special Assistant Corporation Counsel
phone: (212) 374-3429
fax: (212) 788-9776
email: skantor@law.nyc.gov

February 1, 2012

**BY ECF AND HAND DELIVERY**
Honorable Roslynn R. Mauskopf
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A
Brooklyn, New York 11201

Re: Gibson Winters v. City of New York, et al., 11 CV 2900 (RRM)(RER)

Your Honor:

I am a Special Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above-referenced matter. I am writing to inform the Court that the parties in this action have reached a settlement agreement in this case, and accordingly defendant submits the enclosed Stipulation of Settlement and Order of Dismissal executed by counsel for defendant and plaintiff's counsel, for the Court's endorsement.

I thank the Court for its time and consideration of this matter.

Respectfully submitted,

Scott J. Kantor
Special Assistant Corporation Counsel

cc: BY ECF
Honorable Ramon E. Reyes, Jr.

David A. Zelman, Esq.
Encl.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

GIBSON WINTERS,

                                  Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
JEREMY DEMARCO, shield #1992,
UNDERCOVER DETECTIVE C0063, SERGEANT
KHAMRAJ SINGH, shield #3798, DETECTIVE
CHERYL WEISS, shield # 3990, DETECTIVE
WILLIAM DEAN, shield # 1023, DETECTIVE
FRANK AVILA, shield # 2962, DETECTIVE
ISAAC SHANNON, shield # 3188, DETECTIVE
DANIEL AYBAR, shield # 963, UNDERCOVER
DETECTIVE NO. C0106,

                                  Defendants.
----------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 CV 2900 (RRM)(RER)

       **WHEREAS**, plaintiff commenced this action by filing a complaint on or about June 16, 2011, and an amended complaint on or about December 14, 2011 (hereinafter "complaint") alleging that the defendants violated plaintiff's civil rights; and

       **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff GIBSON WINTERS the sum of TWENTY SEVEN THOUSAND FIVE HUNDRED DOLLARS ($27,500) in full satisfaction of all claims, including all claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims against the named defendants, the City of New York, Police Officer Jeremy Demarco shield # 1992, Undercover Detective No. C0063, Sergeant Khamraj Singh, shield # 3798, Detective Cheryl Weiss, shield # 3990, Detective William Dean, shield # 1023, Detective Frank Avila, shield # 2962, Detective Isaac Shannon, shield # 3188, Detective Daniel Aybar, shield # 963, Undercover Detective No. C0106, and to release and discharge all of the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs

are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants the City of New York, Police Officer Jeremy Demarco shield # 1992, Undercover Detective No. C0063, Sergeant Khamraj Singh, shield # 3798, Detective Cheryl Weiss, shield # 3990, Detective William Dean, shield # 1023, Detective Frank Avila, shield # 2962, Detective Isaac Shannon, shield # 3188, Detective Daniel Aybar, shield # 963, Undercover Detective No. C0106 regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       Jan. 8, 2012

David A. Zelman, Esq.
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072

By: _____
    David A. Zelman, Esq.
    *Attorney for Plaintiff*

Dated: Brooklyn, New York
       _____, 2012

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 374-3429

By: Scott Kantor  2/1/12
    Scott J. Kantor, Esq.
    Special Assistant Corporation Counsel

SO ORDERED:

HON. ROSLYNN R. MAUSKOPF
UNITED STATES DISTRICT JUDGE

- 4 -